## 20890

Homer PINGLEY, Respondent, v. Carl BRUNSON, Appellant.

(252 S. E. (2d) 560)·

*Daniel Malloy McEachin, Jr.,* of *Zeigler & McEachin,* Florence, *for appellant.*

*S. Raymond Pridgen,* Mullins, *for respondent.*

February 21, 1979.

RHODES, Justice:

This appeal is from an order compelling appellant, Carl Brunson, to fulfill his contract to provide entertainment at respondent's restaurant, and further enjoining him from playing musical instruments for any other establishment during times that would conflict with performance of his contract. We reverse, concluding that neither specific performance nor injunctive relief was a proper remedy for enforcement of appellant's contract for personal services.

During the past several years the appellant, who is an automobile repairman by trade, has been playing the organ as part time employment for various establishments in the Mullins area.

On December 6, 1977, appellant entered into a contract to play the organ for respondent's restaurant for a period of three years. By terms of the contract, appellant agreed to play in respondent's place of business for three designated nights each week and an additional night during certain specified months. For his services, respondent agreed to pay Brunson $50.00 per night. The contract further set out: (1) that the respondent was purchasing musical instruments at the price of $4,262.96 for use by the appellant at his restaurant; and (2) that monthly installments on the cost of the instruments were to be provided by deduction from appellant's pay checks. After payment in full, the instruments were to become the property of the appellant. The contract further provided that any breach by appellant would result in his forfeiting any claim to the instruments.

The appellant commenced performing for respondent on the night of December 6, 1977 and played for nine evenings thereafter. On December 27, appellant did not appear for his performance and has failed and refused to perform in accordance with his contract since that time.

Courts of equity will not ordinarily decree specific performance of a contract for personal services, particularly where the performance of the services contracted for would be continuous over a long period of time. 81 C. J. S. Specific Performance § 96 (1977). This rule has been applied to various personal service contracts including, but not limited to, performance as an actor, a singer, a sales agent, and a ball player. Restatement of Contracts § 379 (1932). On the other hand, where services have a unique and peculiar value, specific performance has been awarded under limited circumstances. 81 C. J. S. Specific Performance, *supra*.

Assuming that a valid contract was effected between the parties, the personal services required of appellant were to be performed on a sustained basis over a three year period. The idea of compelling a close personal association over a protracted period of time after disputes have arisen and loyalty and confidence dissipated has been repugnant to courts facing the situation. 11 S. Williston, Contracts § 1423 (3rd ed. W. Jaegar 1968). *See also Poultry Producers v. Barlow,* 189 Cal. 278, 208 P. 93 (1922).

The exception allowing specific performance of a personal service contract is confined to instances where the performer possesses unique and exceptional skill or ability in his area of expertise. Even though respondent's witnesses asserted appellant's exceptional talent as a major attraction to an area establishment, the further evidence revealed that five other organists of comparable ability were available for hire in the Mullins area. In this regard, we find the general rule to be that if the subject matter of a contract is such that its substantial equivalent is readily obtainable from others rather than defendant in an exchange for a money payment, this factor will be sufficient to deny specific performance. 5 A. Corbin, Contracts § 1142 (1960). Under the circumstances of the case at bar, we cannot conclude from the evidence that appellant's musical talent is of such a uni-

que quality as to warrant an award of specific performance; instead, the availability of other local organ players persuades us that respondent's remedy was at law and not in equity.

For the foregoing reasons, we conclude that the trial court erred in granting a decree of specific performance, compelling the appellant to comply with terms of his contract for personal services. Likewise in error was the lower court's injunctive relief prohibiting the acceptance by respondent of other employment during specified periods. The contract between appellant and respondent did not contain a covenant not to compete or to perform elsewhere. In the absence of an express negative covenant as a basis for injunctive relief, the general rule is as follows:

In a number of cases the question has arisen as to whether injunction may issue against the breach of an employment contract by an employee and the furnishing of his services to another, where there is no covenant in the contract to the effect that he is not to enter the employment of another during the term of the contract. As a rule, the court does not award injunction in the absence of an express negative covenant in the contract.

42 Am. Jur. (2d), Injunctions, § 104 (1969).

Reversed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.